UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WOLOOHOJIAN REALTY CORPORATION,    :
            Plaintiff,             :
                                   :
        v.                         :        CA 93-348 L
                                   :
ELIZABETH V. BOGOSIAN, ET AL.,     :
            Defendants.            :

**MEMORANDUM AND ORDER**
**DENYING MOTION**
**OF LEON A. BLAIS, ESQ.**

Before the Court is the Motion of Leon A. Blais, Esq. for an
Order Affirming This Court's Exclusive Disciplinary Jurisdiction
with Regard to Matters Heard Before It (Document ("Doc.") #171)
("Motion for Order" or "Motion").  A hearing was held on October
14, 2008.

**Facts**

Movant Leon A. Blais, Esquire ("Blais" or "Movant"), a
Massachusetts attorney, was admitted pro hac vice on May 8, 2003,
to represent Elizabeth A. Bogosian ("Bogosian") in the above
matter.  <u>See</u> Motion for Entry of Appearance Pro Hac Vice (Doc.
#119); <u>see also</u> Order of 5/8/03.  The case was closed on
September 5, 2003.  More than five years later, Blais filed the
instant Motion.  He states that:

> Recently, Massachusetts Bar Counsel brought a
> Petition for Discipline against Movant which is primarily
> based upon Movant's practice in this court and with

regard to the garnishment action.[1]

No acts alleged occurred within the Commonwealth of Massachusetts.[2]

Movant brought a motion before the Massachusetts Board of Bar Overseers seeking dismissal of the Petition based on exclusive federal jurisdiction.  The motion was denied.

Movant now seeks an order affirming this Court's exclusive disciplinary jurisdiction with regard to the Bogosian related matters heard before it.

Memorandum of Law in Support of Motion for an Order Affirming

This Court's Exclusive Disciplinary Jurisdiction with Regard to

---

[1] According to Movant, the garnishment action was filed by the U.S. Attorney shortly after the Court ordered the disbursement of funds in the court registry to Movant as Trustee for Ms. Bogosian.  See Memorandum of Law in Support of Motion for an Order Affirming This Court's Exclusive Disciplinary Jurisdiction with Regard to Matters Heard before It ("Blais Mem.") at 2.

[2] The Court questions this statement.  Blais admits that at all times relevant to the Petition for Discipline ("Petition") he maintained his law office in Massachusetts.  See Petition ¶ 2; see also Answer of Leon A. Blais ("Answer") ¶ 2.  He further admits that he took in excess of $445,000.00 from interpleader funds and states that he earned the amount taken.  See Petition ¶¶ 60, 88; see also Answer ¶¶ 60, 88.  It seems improbable that Blais could earn a fee of this magnitude without performing at least some work in his law office.

The Petition also alleges that Blais sent letters which contained false, deceptive, and/or misleading representations to: "the Bogosians," Petition ¶ 82; the Bogosians' new attorney, Robert Ciresi, id. ¶¶ 90, 92, 107; and "the government," ¶ 114.  Again, it strikes the Court as improbable that none of these letters originated from Blais' law office.

Finally, the Petition alleges that Blais charged his clients, who included Elizabeth Bogosian, amounts in excess of that authorized by the written fee agreement.  See Petition ¶ 131.  The first page of that agreement bears the heading of Blais' Massachusetts law office.  While not conclusive, this suggests that the agreement was executed in Massachusetts.

Matters Heard before It ("Blais Mem.") at 3.[3]

### Relief Sought

In a supplemental memorandum, Movant clarifies the relief which he is seeking.  He asks this Court to issue a "declaration that if any aggrieved party seeks to prosecute a grievance against Movant it should be done in this forum."  Supplemental Memorandum of Law in Support of Motion for an Order Affirming This Court's Exclusive Disciplinary Jurisdiction with Regard to Matters Heard before It ("Blais Supp. Mem.") at 13.

### Discussion

Blais seeks the requested declaration based on the following arguments.  First, Blais disputes that Massachusetts has a right to regulate his conduct in a federal case heard outside the geographical boundaries of that state.  See Blais Supp. Mem. at 6.  The Court has already noted the inherent improbability that all of the conduct about which Bogosian complains occurred outside of Massachusetts.[4]  Moreover, the Court rejects the proposition that a state bar is powerless to discipline one of its members who engages in professional misconduct but carefully avoids committing any offending act within the geographical boundaries of the licensing state.  See

---

[3] Because the Motion is numbered as page "1," page 3 of the Blais Mem. is actually the second page of that document.

[4] See n.2.

In re Soininen, 783 A.2d 619, 622 (D.C. 2001)(disciplining member of D.C. bar for acts committed in Virginia); Mississippi Bar v. Strauss, 601 So.2d 840, 845 (Miss. 1992)(imposing three month suspension from practice in Mississippi because of conduct in federal court in Louisiana); Foster v. McConnell, 329 P.2d 32, 36 (Cal. Dist. Ct. App. 1958)(noting cases where attorneys have been disciplined for acts outside the jurisdictions); State ex rel. Hardin, 91 P. 564 (Wash. 1907)("Any court, the bar of which the delinquent is a member, has jurisdiction to disbar for unprofes- sional conduct, when and wherever committed, whether the unpro- fessional conduct relates to matters occurring in court, or to a purely private and personal transaction between the attorney and his client ...."); see also In the Matter of Dennis, 188 P.3d 1, 13-14 (Kan. 2008)(rejecting argument that disciplinary hearing panel lacked jurisdiction to hear case involving respondent's practice in federal district court and not in Kansas state courts); id. at 14 ("We retain the power to discipline attorneys for conduct committed outside of and beyond our Kansas courts."); In the Matter of Gadda, No. 97-O-15010, 98-O-02100, 2002 WL 31012596, at *2 (Cal. Bar. Ct. Aug. 26, 2002)("[I]f an attorney admitted to practice in the courts of this state commits acts in reference to federal court litigation which reflect on his integrity and fitness to enjoy the rights and privileges of an attorney in the state courts, proceedings may be taken against

4

him in the state court."); id. (observing that "respondent is licensed by the California Supreme Court to practice law in this State.  And based on that license, respondent applied to practice and practices law before the federal courts in this state."); cf. In re Scanio, 919 A.2d 1137, 1145 (D.C. 2007)("attorneys have a duty, at all times and in all conduct, both professional and personal, to conform to the standards imposed upon members of the Bar as conditions for the privilege to practice law")(internal quotation marks omitted).  Thus, the Court rejects Blais' argument that Massachusetts may not discipline him for conduct occurring in a federal case heard in Rhode Island.

A second argument made by Blais is that because the allegations in the Petition for Discipline ("Petition") relate to his representation of Bogosian in the instant case, this Court has exclusive jurisdiction over Bogosian's disciplinary complaint.[5]  See Blais Mem. at 3; Blais Supp. Mem. at 13.  As a consequence of this, he contends that Bogosian may only prosecute her complaint against Blais in this Court.  The Court is not so persuaded.  See Theard v. United States, 354 U.S. 278, 281, 77 S.Ct. 1274, 1276 (1957)("The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous

---

[5] It also bears noting that not all of the conduct for which discipline is sought relates to Blais' representation of Bogosian in this Court.  See Petition ¶¶ 26-36 (alleging that Blais failed to remit state interpleader funds to the clients).

control over the conduct of their officers, among whom ...
lawyers are included."); Gadda v. Ashcroft, 377 F.3d 934, 944
(9th Cir. 2004)("The Supreme Court of the United States has long
recognized that the several states have an important interest in
regulating the conduct of the attorneys whom they license.").
Blais cites no case where any federal court has issued a
declaration like the one he seeks here, and the Court's own
research has found none.  This is not surprising given that
federal district courts have no investigative arm to probe
disputes between clients and their attorneys.

Here the allegations detailed in the Petition, at their
core, involve complaints that Blais violated his fee agreement
and overcharged for his services.  Federal district courts are
ill equipped to deal with such disputes (except in cases where
attorneys' fees are subject to court approval and must be
supported by detailed time records).  Were this Court to receive
a complaint of a similar nature from another litigant, the Court
would not attempt to determine the validity of the complaint
(except in unusual circumstances not present here).  Instead, it
would direct the litigant to the complaint procedure available
through the state bar having regulatory authority over the
attorney involved.  Indeed, were Bogosian to file such a
complaint with the Court, that is what it would do.

A third argument made by Blais can be summarized as follows.

6

The Massachusetts Board of Bar Overseers utilizes a preponderance of the evidence standard in its disciplinary proceedings.  See Mass. Gen. Laws ch. 3 § 3.28 (West 2008).  Some federal courts have held that a federal court may suspend an attorney from practice before it only upon presentation of clear and convincing evidence.  See In re Cowboy Roofing, Inc., 193 B.R. 443, 446 (E.D. Tex. 1996)(citing In re Medrano, 956 F.2d 101, 102 (5th Cir. 1992)); see also In re Sheridan, 362 F.3d 96, 111 n.18 (1st Cir. 2004)(noting that because "suspensions and disbarments are 'extreme' sanctions, the courts frequently require heightened procedural protections, such as a showing of 'bad faith' and 'clear and convincing' evidence")(citing Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1224 (3rd Cir. 1995); In re Cowboy Roofing, Inc., 193 B.R. at 446).  Citing this federal case law, Blais appears to argue that the Board of Bar Overseers' utilization of a preponderance of the evidence standard will violate his federal constitutional rights.  See Blais Mem. at 4-7.  He contends that because of the allegedly different standards of proof there is a conflict between federal and state law, see Blais Supp. Mem. at 13 (apparently citing Gadda v. Ashcroft, 377 F.3d at 946),[6] and that this is sufficient

---

[6] In Gadda v. Ashcroft, 377 F.3d 934, 946 (9th Cir. 2004), the Court stated: "The third way in which federal law may preempt state law is through conflict preemption.  Preemption may be inferred if there is an actual conflict between federal and state law, or where compliance with both is impossible."

to overcome the "strong federal policy against federal-court
interference with pending state judicial proceedings absent
extraordinary circumstances," Middlesex County Ethics Comm. v.
Garden State Bar Ass'n, 457 U.S 423, 431, 102 S.Ct. 2515, 2521
(1982); see also Blais Supp. Mem. at 2-5.  Blais also appears to
contend that because of this conflict the state disciplinary
proceeding is preempted by federal law.  The Court is unpersuaded
by this argument

     As an initial matter, to the extent that the Motion seeks,
in effect, to enjoin the ongoing disciplinary proceedings before
the Massachusetts Board of Bar Overseers, this Court lacks
jurisdiction over that body.  Even if jurisdiction existed,
however, the Court would decline to interfere with the ongoing
state disciplinary proceedings.

     Blais does not dispute that the disciplinary proceedings are
judicial in nature.  See Blais Supp. Mem. at 6.  "As such, the
proceedings are of character to warrant federal court deference."
Middlesex County Ethics Comm., 457 U.S at 433-43, 102 S.Ct. at
2522; Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.,
477 U.S. 619, 627, 106 S.Ct. 2718, 2723 (1986)("[W]e have held
that federal courts should refrain from enjoining lawyer
disciplinary proceedings initiated by state ethics committees if
the proceedings are within the appellate jurisdiction of the
appropriate State Supreme Court.").

8

In Middlesex County Ethics Committee, the Supreme Court
addressed three questions: 1) did the state bar proceedings
within the constitutionally prescribed jurisdiction of the state
supreme court constitute an ongoing state judicial proceeding; 2)
did the proceedings implicate important state interests; and 3)
was there an adequate opportunity in the state proceedings to
raise constitutional challenges.  457 U.S. at 432, 102 S.Ct. at
2521.  As already noted, here Blais does not dispute that the
ongoing proceedings before the Board of Bar Overseers are
judicial in nature.  See Blais Supp. Mem. at 6.

With respect to the second question, Massachusetts clearly
has an important state interest in maintaining and assuring the
professional conduct of the attorneys it licenses.  Middlesex
County Ethics Comm., 457 U.S. at 434, 102 S.Ct. at 2522; Brooks
v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996)
("regulating attorney conduct comprises a significant state
interest for purposes of Younger abstention").  Although Blais
frames this second question as whether Massachusetts has an
important state interest in regulating the conduct of attorneys
in a federal court outside of its borders and disputes that such
interest exists, the Court disagrees.  As already noted, it is
unlikely that none of the conduct about which Bogosian complains
occurred in Massachusetts.  Moreover, Massachusetts clearly has
an interest in insuring that attorneys who are licensed by that

9

state to practice law provide honest, ethical, and competent legal services to members of the public who engage them for that purpose regardless of where the services are to be performed.

As for the third question, Blais contends that he will not have an opportunity to raise his constitutional challenge in the state proceedings because the Supreme Judicial Court has already ruled that bar discipline charges need only be proven by a preponderance of the evidence. In the Matter of Kerlinsky, 704 N.E.2d 503, 507 n.10 (Mass. 1999). However, the Court is not convinced that a state bar's disciplining of one of its members based on a preponderance of the evidence standard violates a federal constitutional right merely because the conduct at issue relates in some manner to the member's representation in a federal court proceeding. In short, the Court is not convinced that there is "an actual conflict between state and federal law ...." Gadda v. Ashcroft, 377 F.3d at 946. Thus, even if jurisdiction existed, this Court would abstain based on the holding in Middlesex County Ethics Committee.

### Summary

Blais' contention that the Board of Bar Overseers lacks authority to prosecute a disciplinary action which relates to his conduct in a federal case heard in Rhode Island is rejected. The case law does not support this proposition, and there is reason to doubt his assertion that none of the conduct at issue occurred

10

in Massachusetts.

Also rejected is Blais' contention that this Court has exclusive jurisdiction over Bogosian's disciplinary complaint. At their core, the allegations in the Petition relate to a fee dispute between Blais and his former client, and the Court is not equipped to investigate such matters.  In addition, the conduct at issue extends beyond Blais' representation of Bogosian in the instant federal action, and this Court would have no basis to address such conduct.

Lastly, to the extent that the Motion seeks to stay the ongoing disciplinary proceeding, this Court lacks jurisdiction over the Board of Bar Overseers.  Even if jurisdiction existed, the circumstances Blais presents are not so extraordinary as to warrant disregarding the strong federal policy against federal court interference with pending state judicial proceedings.  <u>See</u> <u>Esso Standard Oil Co. v. López-Freytes</u>, 522 F.3d 136, 143 (1st Cir. 2008)("In the absence of extraordinary circumstances, interests of comity and the respect for state processes demand that federal courts should abstain from interfering with ongoing state judicial proceedings.").

## Conclusion

For the reasons stated above, the Motion is DENIED.


ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 17, 2008